Hopkinton School Dist. v. Jesse M     CV-95-542-B    07/05/96

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Hopkinton School District

    v.                                          Civil No. 95-542-B

Jesse M.


**O R D E R**

This case concerns the right of Jesse M., a former Hopkinton School student, to a "free appropriate public education" pursuant to the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C.A. § 1400 et seq. (West 1990), and its New Hampshire counterpart, New Hampshire Revised Statutes Annotated § 186-C (1989).  Hopkinton commenced the action to challenge an order by a hearing officer for the New Hampshire Department of Education that requires the town to reimburse Jesse's parents for Jesse's 1995 summer school tuition and pay for Jesse to attend a private school during the 1995-96 school year.  Pending before me is the town's motion to allow the introduction of additional evidence to supplement the administrative record.

The IDEA provides in pertinent part that:

> In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a

> party, and, basing its decision on the
> preponderance of the evidence, shall grant
> such relief as the court determines is
> appropriate.

20 U.S.C.A. § 1415(e)(2) (emphasis added).  The First Circuit has interpreted the term "additional" to mean "supplemental."  Town of Burlington v. Department of Educ. for Com. of Mass., 736 F.2d 773, 790 (1st Cir. 1984), aff'd on other grounds, 471 U.S. 359 (1985).  Thus, a party is not entitled to call witnesses merely to "repeat or embellish their prior administrative hearing testimony."  Id.  Further, the right to offer additional evidence is not unqualified.  Precedent dictates that the evidentiary source of the district court's factual findings will ordinarily be the administrative record.  Id. at 791.  Thus, "a party seeking to introduce additional evidence at the district court level must provide some solid justification for doing so."  Roland M. v. The Concord School Committee, 910 F.2d 983, 996 (1st Cir. 1990), cert. denied, 499 U.S. 112 (1991).

The hearing officer ordered Hopkinton to reimburse Jesse's parents for his summer school tuition at Suffield Academy.  Hopkinton seeks permission to challenge this decision by calling a member of the Suffield Academy staff who presumably could testify concerning Jesse's program at the Academy.  While this testimony might well be relevant, I decline to allow it because

2

Hopkinton has failed to sufficiently explain its failure to offer this testimony during the administrative hearing. I do not find persuasive its claim that the witness was unavailable merely because he delayed in returning counsel's telephone calls until after the hearing had concluded. If counsel wanted to call a witness from Suffield Academy, she could have taken additional steps to insure that the hearing officer would have the benefit of the witness's testimony. Since counsel failed to pursue those steps, the Town may not call the witness for the first time in the district court.

Hopkinton next seeks to offer the testimony of two witnesses to rebut certain testimony introduced by Jesse and his parents during the administrative hearings. However, the town has offered no explanation for its failure to offer this evidence at the administrative level. Accordingly, I decline to consider the evidence now.

The hearing officer determined that Hopkinton failed to prove that Jesse could be appropriately educated at Hopkinton High School. He also concluded that it would be appropriate to place Jesse at an unspecified private school. However, he did not order a specific placement, but instead stated in his order that "either party may file an appropriate pleading to bring this

3

matter back before the hearing officer for further action" if the parties could not agree on an appropriate placement.  Instead of bringing the matter back to the hearing officer when the parties could not agree, Jesse's parents placed him at the White Mountain School over Hopkinton's objection and Hopkinton later agreed to pay for Jesse's tuition subject to the town's right to seek reimbursement from Jesse's parents if the town succeeded with its appeal of the hearing officer's decision.  In support of its argument that it should not be liable for the White Mountain School tuition, Hopkinton seeks to offer testimony from a Hopkinton school official and several exhibits that purport to show that the placement was not successful.  Since this testimony is obviously relevant in determining the suitability of the White Mountain School placement, and since Hopkinton was plainly unable to offer the testimony during the administrative hearing, I will allow it to expand the record to include this testimony.

The motion to expand the record is granted in part.  The court will hold a hearing to receive the additional evidence on July 25, 1996 at 9:30 a.m.  Hopkinton will be allowed one hour to elicit testimony from Dr. Canning and the defendants will be

4

allowed one hour for cross-examination.  I will hold a pre-hearing conference on July 17 1996 at 10:00 a.m.

SO ORDERED.


_____
Paul Barbadoro
United States District Judge


July 5, 1996

cc:  Margaret-Ann Moran, Esq.
     Lelia G. Connor, Esq.